People v Baltazar (2020 NY Slip Op 02583)





People v Baltazar


2020 NY Slip Op 02583


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


458 KA 19-00205

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES BALTAZAR, DEFENDANT-APPELLANT. 






SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered December 4, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the conviction is based on legally insufficient evidence. We reject that contention. The People were required to prove beyond a reasonable doubt that defendant acted "[w]ith intent to prevent a peace officer . . . from performing a lawful duty" (id.). Here, a correction officer testified that he was returning defendant to his cell when defendant head-butted him. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is
" a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court